1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                     January 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>LUIS FERNANDO FELIX STARNES,<br>  aka "Primo,"<br>LUIS ARMANDO CERVANTES<br>  MAGALLON,<br>  aka "Luis Cervantes,"<br>JOSE ANTONIO SANCHEZ RAMIREZ,<br>  aka "Jose Antonio Sanchez,"<br>ESTEBAN ROBLES, JR.,<br>  aka "Travares Mitchell,"<br>MARIO VILLAREAL DOMINGUEZ,<br>  aka "Mario Dominguez<br>     Villareal,"<br>  aka "Aaron Lopez,"<br>RONALDO JESUS HERNANDEZ NERI,<br>  aka "Jesus Hernandez,"<br>JUAN CARLOS ALFARO TORRES,<br>RICARDO GONZALEZ MORENO, and<br>MIGUEL MORALES-CASTILLO,<br><br>             Defendants. | CR No. 8:23-00167(A)-JWH<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to<br>Distribute and Possess with Intent<br>to Distribute Methamphetamine;<br>21 U.S.C. §§ 841(a)(1),<br>(b)(1)(A)(vi), (b)(1)(A)(viii),<br>(b)(1)(B)(i): Distribution of and<br>Possession with Intent to<br>Distribute Fentanyl,<br>Methamphetamine, and Heroin;<br>18 U.S.C. § 922(g)(1): Felon in<br>Possession of Firearms; 18 U.S.C.<br>§ 924(c)(1)(A)(i): Possession of a<br>Firearm in Furtherance of a Drug<br>Trafficking Crime; 18 U.S.C.<br>§ 924(d)(1), 21 U.S.C. § 853, and<br>28 U.S.C. § 2461(c): Criminal<br>Forfeiture] |

     The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.    OBJECTS OF THE CONSPIRACY

Beginning on or about January 26, 2022, and continuing through on or about November 28, 2023, in Los Angeles County, San Bernardino County, and Orange County, within the Central District of California, and elsewhere, defendants LUIS FERNANDO FELIX STARNES, also known as ("aka") "Primo," LUIS ARMANDO CERVANTES MAGALLON, aka "Luis Cervantes," JOSE ANTONIO SANCHEZ RAMIREZ, aka "Jose Antonio Sanchez," ESTEBAN ROBLES, JR., aka "Travares Mitchell," MARIO VILLAREAL DOMINGUEZ, aka "Mario Dominguez Villareal," aka "Aaron Lopez," RONALDO JESUS HERNANDEZ NERI, aka "Jesus Hernandez," JUAN CARLOS ALFARO TORRES, RICARDO GONZALEZ MORENO, and MIGUEL MORALES-CASTILLO conspired with others known and unknown to the Grand Jury to knowingly and intentionally distribute, and possess with intent to distribute, at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

B.    MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substances, as follows:

1.    Defendant FELIX STARNES and CERVANTES MAGALLON would arrange to sell methamphetamine and other controlled substances to drug customers in the United States and would arrange for co-conspirators to deliver drugs in the United States.

2.    Defendants CERVANTES MAGALLON, SANCHEZ RAMIREZ, ROBLES, JR., VILLAREAL DOMINGUEZ, HERNANDEZ NERI, ALFARO TORRES,

GONZALEZ MORENO, and MORALES-CASTILLO would deliver methamphetamine to drug customers in Los Angeles County, San Bernardino County, and Orange County.

3.    Defendants CERVANTES MAGALLON, SANCHEZ RAMIREZ, VILLAREAL DOMINGUEZ, and HERNANDEZ NERI would store methamphetamine for further distribution.

C.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants FELIX STARNES, CERVANTES MAGALLON, SANCHEZ RAMIREZ, ROBLES, JR., VILLAREAL DOMINGUEZ, HERNANDEZ NERI, ALFARO TORRES, GONZALEZ MORENO, and MORALES-CASTILLO, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    In January 2022, using coded language in electronic and telephonic communications, a Co-conspirator ("Co-conspirator 1") discussed supplying five pounds of methamphetamine with an individual he believed to be a drug customer but who was, in fact, a confidential informant ("CS 1") working for the United States Drug Enforcement Administration ("DEA"); CS 1 claimed to be setting up the deal for an associate drug customer who was, in fact, another confidential informant ("CS 2") working for the DEA, and Co-conspirator 1 put CS 1 in contact with defendant FELIX STARNES to arrange this transaction and future transactions.

Overt Act No. 2:    On January 26, 2022, using coded language in WhatsApp communications, defendant FELIX STARNES arranged with CS 1 to sell approximately five pounds of methamphetamine to CS 2.

Overt Act No. 3:   On January 26, 2022, in Los Angeles, California, defendant SANCHEZ RAMIREZ, on behalf of and at the behest of defendant FELIX STARNES, delivered approximately 2.206 kilograms of methamphetamine to CS 2 in exchange for $6,750.

Overt Act No. 4:   On February 16, 2022, defendant SANCHEZ RAMIREZ retrieved two bags from a covered area next to his residence in Los Angeles, California and delivered one of the bags to defendant MORALES-CASTILLO at a parking lot in Paramount, California.  After the delivery, defendant SANCHEZ RAMIREZ possessed in his car approximately 2.118 kilograms of methamphetamine and defendant MORALES-CASTILLO possessed in his car approximately 8.73 kilograms of methamphetamine.

Overt Act No. 5:   On February 16, 2022, defendants ALFARO TORRES and GONZALEZ MORENO, along with a third individual, traveled to defendant SANCHEZ RAMIREZ's residence and retrieved a bag and a bolt cutter from a covered area next to defendant SANCHEZ RAMIREZ's residence; later that day, defendants ALFARO TORRES and GONZALEZ MORENO possessed, in the back seat of a car where defendant GONZALEZ MORENO was seated and which defendant ALFARO TORRES was driving, approximately 2.862 kilograms of methamphetamine in a bag, and a bolt cutter.

Overt Act No. 6:   On February 16, 2022, in his residence in Los Angeles, California, defendant SANCHEZ RAMIREZ possessed approximately 28.5 kilograms of methamphetamine.

Overt Act No. 7:   On May 5, 2022, using coded language in WhatsApp communications, defendant FELIX STARNES arranged with CS 1 to sell approximately five pounds of methamphetamine to a person CS 1

1  represented to be a drug customer but who was, in fact, a

2  confidential informant ("CS 3") working for the DEA.

3      <u>Overt Act No. 8:</u>    On May 9, 2022, in Commerce, California,

4  defendant ROBLES, JR., acting on behalf of and at the behest of

5  defendant FELIX STARNES, delivered approximately 2.201 kilograms of

6  methamphetamine to CS 3 in exchange for $5,000.

7      <u>Overt Act No. 9:</u>    On July 25, 2022, using coded language in

8  WhatsApp communications, defendant FELIX STARNES arranged with CS 1

9  to sell approximately five pounds of methamphetamine to a person CS 1

10  represented to be a drug customer but who was, in fact, a

11  confidential informant ("CS 4") working for the DEA.

12      <u>Overt Act No. 10:</u>    On July 26, 2022, in San Bernardino,

13  California, defendant HERNANDEZ NERI, acting on behalf of and at the

14  behest of defendant FELIX STARNES, delivered approximately 2.244

15  kilograms of methamphetamine to CS 4 in exchange for $5,000.

16      <u>Overt Act No. 11:</u>    On August 17, 2022, in a car and in a

17  trailer located at his residence in Muscoy, California, defendant

18  HERNANDEZ NERI possessed approximately 3.107 kilograms of

19  methamphetamine, an AR-15 style rifle with no serial number, and a

20  rifle magazine containing .223 caliber ammunition.

21      <u>Overt Act No. 12:</u>    Between November 13 and November 15, 2022,

22  using coded language in WhatsApp communications, defendant FELIX

23  STARNES arranged with CS 1 to sell approximately five pounds of

24  methamphetamine to CS 4.

25      <u>Overt Act No. 13:</u>    On November 16, 2022, in Long Beach,

26  California, defendant VILLAREAL DOMINGUEZ, acting on behalf of and at

27  the behest of defendant FELIX STARNES, delivered approximately 2.238

28  kilograms of methamphetamine to CS 4 in exchange for $5,000.

1    <u>Overt Act No. 14:</u>   On January 31, 2023, in Paramount,

2    California, an unknown co-conspirator delivered several bags to

3    defendant VILLAREAL DOMINGUEZ, who placed the bags in his car; later

4    that day, in his car, defendant VILLAREAL DOMINGUEZ possessed

5    approximately 6.281 kilograms of methamphetamine.

6    <u>Overt Act No. 15:</u>   On January 31, 2023, in a residence in

7    Paramount, California, defendant VILLAREAL DOMINGUEZ possessed

8    approximately 2.164 kilograms of methamphetamine, as well as

9    fentanyl, heroin, and a handgun.

10    <u>Overt Act No. 16:</u>   On May 9, 2023, using coded language in

11    WhatsApp communications, defendant FELIX STARNES arranged with CS 1

12    to sell approximately three pounds of methamphetamine to CS 3.

13    <u>Overt Act No. 17:</u>   On May 10, 2023, in Anaheim, California,

14    defendant CERVANTES MAGALLON, acting on behalf of and at the behest

15    of defendant FELIX STARNES, delivered approximately 1.349 kilograms

16    of methamphetamine to CS 3 in exchange for $2,700.

17    <u>Overt Act No. 18:</u>   Also on May 10, 2023, after defendant

18    CERVANTES MAGALLON had delivered 1.349 kilograms of methamphetamine

19    to CS 3 on behalf of defendant FELIX STARNES, defendant FELIX

20    STARNES, using coded language in WhatsApp communications, arranged

21    with CS 1 to sell an additional two pounds of methamphetamine to

22    CS 3.

23    <u>Overt Act No. 19:</u>   On May 10, 2023, in Anaheim, California,

24    defendant CERVANTES MAGALLON, acting on behalf of and at the behest

25    of defendant FELIX STARNES, completed the second transaction and

26    delivered approximately 899 grams of methamphetamine to CS 3 in

27    exchange for $1,800.

28

6

1     <u>Overt Act No. 20:</u>   On November 28, 2023, in a residence in

2 Anaheim, California, defendant CERVANTES MAGALLON possessed

3 approximately 17.558 kilograms of methamphetamine and three firearms.

4     Prior to committing the offense alleged in Count One, defendant

5 CERVANTES MAGALLON had been finally convicted of a serious drug

6 felony, as that term is defined and used in Title 21, United States

7 Code, Sections 802(57), 841, and 851.  Specifically, on or about

8 February 19, 2009, in the Circuit Court of the Sixteenth Judicial

9 District in Kane County, Illinois, in case number 2008-CF-000248,

10 defendant CERVANTES MAGALLON was convicted of Unlawful Delivery of a

11 Controlled Substance, in violation of Chapter 720, Section

12 570/401(a)(2)(A) of the Illinois Compiled Statutes, as amended, for

13 which defendant CERVANTES MAGALLON served a term of imprisonment of

14 more than 12 months.  Defendant CERVANTES MAGALLON was released from

15 a term of imprisonment for that offense within 15 years of the

16 commencement of the offense alleged in this Count.

                              COUNT TWO

      [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

           [DEFENDANTS FELIX STARNES and SANCHEZ RAMIREZ]

      On or about January 26, 2022, in Los Angeles County, within the Central District of California, defendants LUIS FERNANDO FELIX STARNES, also known as ("aka") "Primo," and JOSE ANTONIO SANCHEZ RAMIREZ, aka "Jose Antonio Sanchez," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 2.206 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT SANCHEZ RAMIREZ]

On or about February 16, 2022, in Los Angeles County, within the Central District of California, defendant JOSE ANTONIO SANCHEZ RAMIREZ, also known as "Jose Antonio Sanchez," knowingly and intentionally possessed with intent to distribute, in his car, at least 50 grams, that is, approximately 2.118 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT SANCHEZ RAMIREZ]

On or about February 16, 2022, in Los Angeles County, within the Central District of California, defendant JOSE ANTONIO SANCHEZ RAMIREZ, also known as "Jose Antonio Sanchez," knowingly and intentionally possessed with intent to distribute, at his residence, at least 50 grams, that is, approximately 28.5 kilograms, of methamphetamine, a Schedule II controlled substance.

                              COUNT FIVE

             [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

                     [DEFENDANT MORALES-CASTILLO]

     On or about February 16, 2022, in Los Angeles County, within the
Central District of California, defendant MIGUEL MORALES-CASTILLO
knowingly and intentionally possessed with intent to distribute at
least 50 grams, that is, approximately 8.730 kilograms, of
methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS ALFARO TORRES and GONZALEZ MORENO]

On or about February 16, 2022, in Los Angeles County, within the Central District of California, defendants JUAN CARLOS ALFARO TORRES and RICARDO GONZALEZ MORENO, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 2.862 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT SANCHEZ RAMIREZ]

On or about February 16, 2022, in Los Angeles County, within the Central District of California, defendant JOSE ANTONIO SANCHEZ RAMIREZ, also known as "Jose Antonio Sanchez," knowingly and intentionally possessed with intent to distribute, at his residence, at least 400 grams, that is, approximately 586.2 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS FELIX STARNES and ROBLES, JR.]

On or about May 9, 2022, in Los Angeles County, within the Central District of California, defendants LUIS FERNANDO FELIX STARNES, also known as ("aka") "Primo," and ESTEBAN ROBLES JR., aka "Travares Mitchell," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 2.201 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS FELIX STARNES and HERNANDEZ NERI]

On or about July 26, 2022, in San Bernardino County, within the Central District of California, defendants LUIS FERNANDO FELIX STARNES, also known as ("aka") "Primo," and RONALDO JESUS HERNANDEZ NERI, aka "Jesus Hernandez," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 2.244 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT TEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT HERNANDEZ NERI]

On or about August 17, 2022, in San Bernardino County, within the Central District of California, defendant RONALDO JESUS HERNANDEZ NERI, also known as "Jesus Hernandez," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 3.107 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT ELEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS FELIX STARNES and VILLAREAL DOMINGUEZ]

On or about November 16, 2022, in Los Angeles County, within the Central District of California, defendants LUIS FERNANDO FELIX STARNES, also known as ("aka") "Primo," and MARIO VILLAREAL DOMINGUEZ, aka "Mario Dominguez Villareal," aka "Aaron Lopez," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 2.238 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT TWELVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT VILLAREAL DOMINGUEZ]

On or about January 31, 2023, in Los Angeles County, within the Central District of California, defendant MARIO VILLAREAL DOMINGUEZ, also known as ("aka") "Mario Dominguez Villareal," aka "Aaron Lopez," knowingly and intentionally possessed with intent to distribute, in his car, at least 50 grams, that is, approximately 6.281 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT THIRTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT VILLAREAL DOMINGUEZ]

On or about January 31, 2023, in Los Angeles County, within the Central District of California, defendant MARIO VILLAREAL DOMINGUEZ, also known as ("aka") "Mario Dominguez Villareal," aka "Aaron Lopez," knowingly and intentionally possessed with intent to distribute, at his residence on West 49th Street in Los Angeles, California, at least 400 grams, that is, approximately 991 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOURTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT VILLAREAL DOMINGUEZ]

On or about January 31, 2023, in Los Angeles County, within the Central District of California, defendant MARIO VILLAREAL DOMINGUEZ, also known as ("aka") "Mario Dominguez Villareal," aka "Aaron Lopez," knowingly and intentionally possessed with intent to distribute, at a residence located on Downey Avenue in Paramount, California, at least 400 grams, that is, approximately 3.156 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIFTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT VILLAREAL DOMINGUEZ]

On or about January 31, 2023, in Los Angeles County, within the Central District of California, defendant MARIO VILLAREAL DOMINGUEZ, also known as ("aka") "Mario Dominguez Villareal," aka "Aaron Lopez," knowingly and intentionally possessed with intent to distribute, at a residence located on Downey Avenue in Paramount, California, at least 50 grams, that is, approximately 2.164 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT SIXTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i)]

[DEFENDANT VILLAREAL DOMINGUEZ]

On or about January 31, 2023, in Los Angeles County, within the Central District of California, defendant MARIO VILLAREAL DOMINGUEZ, also known as ("aka") "Mario Dominguez Villareal," aka "Aaron Lopez," knowingly and intentionally possessed with intent to distribute, at a residence located on Downey Avenue in Paramount, California, at least 100 grams, that is, approximately 728 grams, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

1

COUNT SEVENTEEN

2

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

3

[DEFENDANTS FELIX STARNES and CERVANTES MAGALLON]

4

On or about May 10, 2023, in Orange County, within the Central

5

District of California, defendants LUIS FERNANDO FELIX STARNES, also

6

known as ("aka") "Primo," and LUIS ARMANDO CERVANTES MAGALLON, aka

7

"Luis Cervantes," each aiding and abetting the other, knowingly and

8

intentionally distributed at least 50 grams, that is, approximately

9

1.349 kilograms, of methamphetamine, a Schedule II controlled

10

substance.

11

Prior to committing the offense alleged in Count Seventeen,

12

defendant CERVANTES MAGALLON had been finally convicted of a serious

13

drug felony, as that term is defined and used in Title 21, United

14

States Code, Sections 802(57), 841, and 851.  Specifically, on or

15

about February 19, 2009, in the Circuit Court of the Sixteenth

16

Judicial District in Kane County, Illinois, in case number 2008-CF-

17

000248, defendant CERVANTES MAGALLON was convicted of Unlawful

18

Delivery of a Controlled Substance, in violation of Chapter 720,

19

Section 570/401(a)(2)(A) of the Illinois Compiled Statutes, as

20

amended, for which defendant CERVANTES MAGALLON served a term of

21

imprisonment of more than 12 months.  Defendant CERVANTES MAGALLON

22

was released from a term of imprisonment for that offense within 15

23

years of the commencement of the offense alleged in this Count.

24

25

26

27

28

COUNT EIGHTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS FELIX STARNES and CERVANTES MAGALLON]

On or about May 10, 2023, in Orange County, within the Central District of California, defendants LUIS FERNANDO FELIX STARNES, also known as ("aka") "Primo," and LUIS ARMANDO CERVANTES MAGALLON, aka "Luis Cervantes," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 899 grams, of methamphetamine, a Schedule II controlled substance.

Prior to committing the offense alleged in Count Eighteen, defendant CERVANTES MAGALLON had been finally convicted of a serious drug felony, as that term is defined and used in Title 21, United States Code, Sections 802(57), 841, and 851.  Specifically, on or about February 19, 2009, in the Circuit Court of the Sixteenth Judicial District in Kane County, Illinois, in case number 2008-CF-000248, defendant CERVANTES MAGALLON was convicted of Unlawful Delivery of a Controlled Substance, in violation of Chapter 720, Section 570/401(a)(2)(A) of the Illinois Compiled Statutes, as amended, for which defendant CERVANTES MAGALLON served a term of imprisonment of more than 12 months.  Defendant CERVANTES MAGALLON was released from a term of imprisonment for that offense within 15 years of the commencement of the offense alleged in this Count.

COUNT NINETEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT CERVANTES MAGALLON]

On or about September 6, 2023, in Orange County, within the Central District of California, defendant LUIS ARMANDO CERVANTES MAGALLON, also known as "Luis Cervantes," knowingly and intentionally distributed at least 400 grams, that is, approximately 991 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

Prior to committing the offense alleged in Count Nineteen, defendant CERVANTES MAGALLON had been finally convicted of a serious drug felony, as that term is defined and used in Title 21, United States Code, Sections 802(57), 841, and 851. Specifically, on or about February 19, 2009, in the Circuit Court of the Sixteenth Judicial District in Kane County, Illinois, in case number 2008-CF-000248, defendant CERVANTES MAGALLON was convicted of Unlawful Delivery of a Controlled Substance, in violation of Chapter 720, Section 570/401(a)(2)(A) of the Illinois Compiled Statutes, as amended, for which defendant CERVANTES MAGALLON served a term of imprisonment of more than 12 months. Defendant CERVANTES MAGALLON was released from a term of imprisonment for that offense within 15 years of the commencement of the offense alleged in this Count.

COUNT TWENTY

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT CERVANTES MAGALLON]

On or about November 28, 2023, in Orange County, within the Central District of California, defendant LUIS ARMANDO CERVANTES MAGALLON, also known as "Luis Cervantes," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 17.558 kilograms, of methamphetamine, a Schedule II controlled substance.

Prior to committing the offense alleged in Count Twenty, defendant CERVANTES MAGALLON had been finally convicted of a serious drug felony, as that term is defined and used in Title 21, United States Code, Sections 802(57), 841, and 851. Specifically, on or about February 19, 2009, in the Circuit Court of the Sixteenth Judicial District in Kane County, Illinois, in case number 2008-CF-000248, defendant CERVANTES MAGALLON was convicted of Unlawful Delivery of a Controlled Substance, in violation of Chapter 720, Section 570/401(a)(2)(A) of the Illinois Compiled Statutes, as amended, for which defendant CERVANTES MAGALLON served a term of imprisonment of more than 12 months. Defendant CERVANTES MAGALLON was released from a term of imprisonment for that offense within 15 years of the commencement of the offense alleged in this Count.

COUNT TWENTY-ONE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT CERVANTES MAGALLON]

On or about November 28, 2023, in Orange County, within the Central District of California, defendant LUIS ARMANDO CERVANTES MAGALLON, also known as "Luis Cervantes," knowingly possessed firearms, namely, a Smith & Wesson, Model M&P-15, rifle, bearing serial number TK25994, an SCCY Industries, Model CPX1, 9mm caliber pistol, bearing serial number C060243, and a Glock, Model 19, 9mm caliber pistol, bearing serial number BSDB164, in and affecting interstate and foreign commerce.

Defendant CERVANTES MAGALLON possessed these firearms knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Unlawful Delivery of a Controlled Substance, in violation of Chapter 720, Section 570/401(a)(2)(A) of the Illinois Compiled Statutes, as amended, on or about February 19, 2009, case number 2008-CF-000248, in the Circuit Court of the Sixteenth Judicial District in Kane County, Illinois.

1

COUNT TWENTY-TWO

2

[18 U.S.C. § 924(c)(1)(A)(i)]

3

[DEFENDANT CERVANTES MAGALLON]

4      On or about November 28, 2023, in Orange County, within the

5  Central District of California, defendant LUIS ARMANDO CERVANTES

6  MAGALLON, also known as "Luis Cervantes," knowingly possessed

7  firearms, namely, a Smith & Wesson, Model M&P-15, rifle, bearing

8  serial number TK25994, an SCCY Industries, Model CPX1, 9mm caliber

9  pistol, bearing serial number C060243, and a Glock, Model 19, 9mm

10  caliber pistol, bearing serial number BSDB164, in furtherance of a

11  drug trafficking crime, namely, Possession with Intent to Distribute

12  Methamphetamine, in violation of Title 21, United States Code,

13  Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Twenty of

14  this First Superseding Indictment.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TWENTY-THREE

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT HERNANDEZ NERI]

On or about August 17, 2022, in San Bernardino County, within the Central District of California, defendant RONALDO JESUS HERNANDEZ NERI, also known as "Jesus Hernandez," knowingly possessed a firearm, namely, an AR-15 style rifle with an olive drab green Picatinny rail, black foregrip, black pistol grip, and a "Punisher" logo, bearing no serial number, in furtherance of a drug trafficking crime, namely, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Ten of this First Superseding Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1); 21 U.S.C. § 853; 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Twenty of this First Superseding Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as

30

the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1

FORFEITURE ALLEGATION TWO

2

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3    1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 18,

6    United States Code, Section 924(d)(1), and Title 28, United States

7    Code, Section 2461(c), in the event of any defendant's conviction of

8    the offenses set forth in any of Counts Twenty-One through Twenty-

9    Three of this First Superseding Indictment.

10   2.    Any defendant so convicted shall forfeit to the United

11   States of America the following:

12        (a)    All right, title, and interest in any firearm or

13   ammunition involved in or used in any such offense; and

14        (b)    To the extent such property is not available for

15   forfeiture, a sum of money equal to the total value of the property

16   described in subparagraph (a).

17   3.    Pursuant to Title 21, United States Code, Section 853(p),

18   as incorporated by Title 28, United States Code, Section 2461(c), the

19   convicted defendant shall forfeit substitute property, up to the

20   value of the property described in the preceding paragraph if, as the

21   result of any act or omission of said defendant, the property

22   described in the preceding paragraph or any portion thereof (a)

23   cannot be located upon the exercise of due diligence; (b) has been

24   transferred, sold to, or deposited with a third party; (c) has been

25   placed beyond the jurisdiction of the court; (d) has been

26   //

27   //

28   //

1 substantially diminished in value; or (e) has been commingled with

2 other property that cannot be divided without difficulty.

3

4                                        A TRUE BILL

5

6                                          ___/s/_____

7                                        Foreperson

8 E. MARTIN ESTRADA
  United States Attorney
9
  MACK E. JENKINS
10 Assistant United States Attorney
   Chief, Criminal Division
11

12

13 SCOTT M. GARRINGER
   Assistant United States Attorney
14 Deputy Chief, Criminal Division

15 BENEDETTO L. BALDING
   Assistant United States Attorney
16 Deputy Chief, General Crimes
   Section
17
   RAJESH R. SRINIVASAN
18 Assistant United States Attorney
   Criminal Appeals Section
19

20

21

22

23

24

25

26

27

28